**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

Sam Smith,

      Plaintiff,

v.                                              Case No. 1:25-cv-21 Kleeh

EXOMOD CONCEPTS, LLC; RICHARD
ZEV KATZEFF; JOHN CONNOLLY; HDK
OF BOWLING GREEN, LLC D/B/A HDK
CUSTOM MOPAR K-FRAMES and/or HDK
SUSPENSION; DENNIS E. LAUBE,

      Defendants.

ELECTRONICALLY FILED
3/21/2025
U.S. DISTRICT COURT
Northern District of WV

## NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED THAT pursuant to 28 U.S.C. §§ 1331, 1332, 1337, Defendants HDK of Bowling Green, LLC d/b/a HDK Custom Mopar K-Frames and/or HDK Suspension, and Dennis E. Laube ("HDK Defendants"), hereby remove the above-referenced action previously pending in the Circuit Court of Marion County, West Virginia, as Civil Action No. CC-24-2025-C-22, to the United States District Court for the Northern District of West Virginia, Clarksburg Division, on the following grounds:

### I. COMMENCEMENT OF THE ACTION

This action was instituted by the Plaintiff Sam Smith ("Plaintiff") against Defendants by the filing of a Summons and Complaint ("Complaint") on February 14, 2025, and served on the HDK Defendants on February 24, 2025, through the West Virginia Secretary of State. According to the face of the Complaint, Plaintiff seeks damages and injunctive relief for alleged violations of federal and state law. (*See* Compl. ¶ 2.) This matter is being removed within 30 days of it being served on Defendants.

## II.     PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process and pleadings served upon HDK Defendants is attached hereto as "Exhibit A" and are being filed with this Notice of Removal. Furthermore, Defendants Exomod Concepts, LLC, Richard Zev Katzeff, and John Connolly consents to this removal. (*See* Exomod Defendants' Consent to Removal, attached as Exhibit B.) A copy of this Notice of Removal has been provided to the Clerk of Court for the Circuit Court of Marion County, West Virginia.

## III.    STATUTORY BASIS FOR JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . . to the district court of the United States for the district and division embracing the place where such action is pending." This statute permits HDK Defendants to remove the State Court Action from West Virginia state court to this Court. Plaintiff filed the State Court Action in the Circuit Court of Marion County, which is located in this Court's district and division. Thus, venue properly lies in the United States District Court for the Northern District of West Virginia, Clarksburg Division, for purposes of this Notice of Removal.

### A.  This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Here, Plaintiff's Complaint alleges in Count VII a claim for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq. (Compl. ¶ 114-123). Because the Magnuson-Moss Warranty Act is a federal statute over which this Court has original jurisdiction, removal is proper.

### B. Plaintiff's State Law Claims are Removable under 28 U.S.C. § 1337 Supplemental Jurisdiction

Further, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a), which states "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." Here, all of Plaintiff's state law claims arise out of the same facts as Plaintiff's federal claim under the Magnuson-Moss Warranty Act. The state law claims regarding breach of contract, breach of warranties, fraud, and other related claims are all part of the same factual transaction involving the disputed vehicle builds. As such, the state law claims form part of the same case or controversy, and it is therefore within this Court's purview to exercise supplemental jurisdiction over it. (*See* 28 U.S.C. § 1367(b)-(c).)

### C. This Court also has diversity jurisdiction over this matter under 28 U.S.C. § 1332.

As required by 28 U.S.C. § 1332(c)(1), this action involves a controversy between citizens of difference States. Plaintiff is a resident of Birmingham, Iowa. (Compl. ¶ 3). Defendant HDK of Bowling Green, LLC is a limited liability company registered in the State of Ohio, with an address in Bowling Green, Ohio. (Compl. ¶ 7). Defendant Dennis E. Laube is a resident of Bowling Green, Ohio. (Compl. ¶ 8). Defendant ExoMod Concepts, LLC is a West Virginia limited liability company. (Compl. ¶ 4). Defendant Richard Zev Katzeff is a resident of Scottsdale, Arizona. (Compl. ¶ 5). Defendant John Connolly is a resident of Fairmont, West Virginia. (Compl. ¶ 6). Therefore, there is complete diversity of citizenship among the parties.

Furthermore, the amount in controversy exceeds $75,000. Plaintiff asserts multiple causes of action including: (1) breach of contract, (2) breach of express and implied warranties, (3) violation of lemon law, (4) violation of Magnuson-Moss Warranty Act, (5) unjust enrichment, (6) fraud, (7) negligent misrepresentation, (8) conversion, (9) civil conspiracy, and (10) piercing the corporate veil. (*See generally* Compl.). Under these counts, Plaintiff requests compensatory damages, incidental and consequential damages, annoyance and inconvenience, attorney's fees

and costs, pre-judgment and post-judgment interest, punitive damages, and injunctive relief. (*See* Compl. Prayer for Judgment.). Plaintiff alleges that he has expended approximately $364,696.85 in costs associated with the Charger build and $138,000 for the Dart. (Compl. ¶¶ 23, 48). Should the Plaintiff be awarded such relief, that amount could prospectively equate to much more than the $75,000 threshold. *See Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that the amount in controversy is satisfied unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount).

## IV.  CONCLUSION

WHEREFORE, Defendants HDK of Bowling Green, LLC d/b/a HDK Custom Mopar K-Frames and/or HDK Suspension, and Dennis E. Laube hereby remove this matter from the Circuit Court of Marion County, West Virginia to the United States District Court for the Northern District of West Virginia, Clarksburg Division based on federal question and supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332, 1337.

**HDK of Bowling Green, LLC d/b/a HDK Custom Mopar K-Frames and/or HDK Suspension, and Dennis E. Laube**

/s/ Randall L. Saunders
Randall L. Saunders, Esq. (WV Bar No. 10162)
Eric D. Salyers, Esquire (WV Bar No. 13042)
**NELSON MULLINS**
**RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Telephone: (304) 526-3500
Facsimile: (304) 526-3599
*Counsel for HDK Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

Sam Smith,

        Plaintiff,

v.                                Case No. 1:25-cv-21 Kleeh

EXOMOD CONCEPTS, LLC; RICHARD
ZEV KATZEFF; JOHN CONNOLLY; HDK
OF BOWLING GREEN, LLC D/B/A HDK
CUSTOM MOPAR K-FRAMES and/or HDK
SUSPENSION; DENNIS E. LAUBE,

        Defendants.

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this **21ˢᵗ day of March, 2025**, a true copy of the foregoing *Notice of Removal* was served upon the following counsel of record utilizing the Court's CM/ECF system:

Gary A. Matthews, Esquire (WV Bar #9087)
Megan L. Southern, Esquire (WV Bar #13529)
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, WV 25726-2688
*Counsel for Plaintiff*

Charles C. Wise, III (WV Bar No. 4616)
Karly King (WV Bar No. 14461)
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, WV 26501
*Counsel for Exomod Defendants*

/s/ Randall L. Saunders
Randall L. Saunders, Esq. (WV Bar No. 10162)

5